IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Lee Belton, | ) | C/A No.: 1:11-2301-MBS-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMEDATION |
| Willie Bamberg, Wanda Stewart, Robert Hooper, | ) | |
| Defendants. | ) | |

Plaintiff Tony Lee Belton ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by individual defendants Willie Bamberg, Wanda Stewart, and Robert Hooper (collectively "Defendants") while incarcerated at the Orangeburg-Calhoun Regional Detention Center ("OCRDC"). Before the court are the following motions: (1) Defendants' motion to dismiss [Entry #34] Plaintiff's amended complaint [Entry #30]; (2) Plaintiff's motion for summary judgment and/or stay pending discovery [Entry #43]; and (3) Defendant's motion for protective order [Entry #51]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions to dismiss and for summary judgment are dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff alleges he was placed in a holding cell at OCRDC with fellow inmate William Herndon ("Herndon") on February 19, 2008. [Entry #30-1 at 3]. He claims

Herndon began hallucinating on February 21, 2008 and became increasingly hostile and violent. *Id.* Plaintiff alleges that during the night he awoke multiple times to Herndon standing over him, once with outstretched arms. *Id.* at 3–4. The officers allegedly became frightened of Herndon and ordered Plaintiff to give Herndon the latter's medication rather than doing it themselves. *Id.* at 4. Plaintiff contends he informed OCRDC officers at least three times that he should not be in the cell with Herndon. *Id.* On February 23, 2008, Plaintiff allegedly told defendant Corporal Wanda Stewart ("Corporal Stewart") that he needed to be removed from the cell, but Corporal Stewart did not give the order to remove him. *Id.* Plaintiff claims Herndon attacked him later that day and no one helped him despite his cries for help. *Id.* Plaintiff allegedly defended himself and fatally injured Herndon, who subsequently died from his injuries on March 4, 2008. *Id.* at 5. Plaintiff claims he was not cleared of charges related to Herndon's death until February 4, 2010, when the grand jury no billed an indictment against him for involuntary manslaughter. [*Id.*; Entry #43-2 at 22].

Plaintiff alleges defendant Director Willie Bamberg ("Director Bamberg") was grossly negligent in managing the people he was supposed to supervise. *Id.* In his amended complaint, Plaintiff added Administrator Robert Hooper ("Administrator Hooper") as a defendant, but did not make any specific allegations as to Administrator Hooper. [Entry #30].

Plaintiff seeks $500,000 in compensatory and punitive damages for Corporal Stewart's alleged refusal to move Plaintiff from the allegedly dangerous condition and the resulting fear and mental anguish. *Id.* at 2. Plaintiff seeks an additional $500,000 in

compensatory and punitive damages against all Defendants for failing to protect him from Herndon's physical attack on February 23, 2008. *Id.* at 2–3. Plaintiff asserts claims of gross negligence and claims under the Fifth and Fourteenth Amendments. *Id.*

II. Discussion

    A. Defendants' Motion to Dismiss

Defendants filed their motion to dismiss on December 6, 2011. [Entry #34]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #36]. Plaintiff filed a timely response in opposition to Defendants' motion on January 13, 2012, which he also styled as a motion for summary judgment. [Entry #43]. Defendants filed a reply on January 27, 2012. [Entry #49]. Plaintiff filed a separate response to the motion to dismiss on February 7, 2012 [Entry #53], to which Defendants replied on February 8, 2012 [Entry #53]. Plaintiff filed a surreply on February 14, 2012. [Entry #55]. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendants' motion.

        1. Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. P. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

2. Analysis

Liberally construed, Plaintiff's amended complaint raises claims pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). Defendants argue Plaintiff's claims are barred by the statute of limitations and that they are immune from liability for state law causes of action under the SCTCA. [Entry #34 at 2–3].

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235, 239 (1989); S.C. Code Ann. § 15-3-530(5). For a cause of action pursuant to the state Tort Claims Act, the limitations period is generally two years from the date the loss was or should have been discovered. *See* S.C. Code Ann. § 15-78-110. Plaintiff admits the events giving rise to his allegations occurred in February 2008. He filed this action on August 27, 2011, beyond the applicable statutes of limitations.

Plaintiff contends, however, that the statute of limitations does not apply to him because he was imprisoned and was therefore under a "disability," citing S.C. Code Ann. 15-3-40. [Entry #53 at 1]. In the case of *Wright v. Oliver*, 99 F.3d 1133 (Table) (4th Cir. 1996), the Fourth Circuit held, in an unpublished decision, that "[p]ursuant to S.C. Code Ann. § 15-3-40 (Law. Co-op. Supp. 1995), a person imprisoned on a criminal or civil charge at the time the cause of action accrues is entitled to have the statute of limitations tolled until five years beyond the applicable limitations period or such time as he or she is released from prison. In order to toll the statute of limitations, the plaintiff must have been in prison at the time his causes of action accrued." *Id.* at *1.

However, while *Wright* held that a person who is imprisoned at the time a cause of action accrues is entitled to have the statute of limitations tolled, the state statute upon which the *Wright* court relied was repealed by the South Carolina General Assembly in 1996. 1996 S.C. Acts No. 234 (amending S.C. Code Ann. § 15-3-40 to delete the tolling provision for imprisoned persons). Therefore, South Carolina law, which applies to the issue of timeliness in this matter, did not, at the time Plaintiff asserts his claims arose, provide for statutory tolling of a limitations period based on imprisonment. *See* S.C. Code Ann. § 15-3-40 (last amended 1996); *see also Webb v. Brock*, No. 3:10-139, 2010 WL 1493141, at *1 (D.S.C. April 13, 2010). Accordingly, the *Wright* case is of no avail to Plaintiff.

Plaintiff further argues that, pursuant to the discovery rule, the statute of limitations did not begin to run until February 4, 2010, when the grand jury no-billed the indictment for Herndon's death. [Entry #53 at 2; Entry #43-2 at 22]. Although Plaintiff

6

contends he "was unaware of who was at fault or injured" prior to February 4, 2010 [Entry #53 at 2], the facts as presented by Plaintiff do not support this assertion. The events giving rise to Plaintiff's claims occurred over a period of four days in February 2008. As of February 23, 2008, Plaintiff knew his requests to be separated from Herndon had gone unheeded and that Defendants' alleged failure to move him resulted in the fatal altercation. These facts put Plaintiff on notice of the alleged violation of his constitutional rights.

Plaintiff's final argument appears to be that the criminal investigation occurring between February 23, 2008 and February 4, 2010 into his role in Herndon's death should toll the statute of limitations. [Entry #55 at 2]. Plaintiff contends pursuing his civil case during the pendency of the criminal investigation would have been a "conflict of interest" and states he was basically under a "gag order" even if the judge in the criminal case did not specifically place him under one. *Id.* He also states, without legal support, that one cannot have a criminal case and civil suit pending simultaneously because of jurisdictional issues. *Id.*

Plaintiff's arguments are unavailing. Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit. *Kelly v. White*, No. 4:10-982, 2011 WL 939015 (D.S.C. March 16, 2011) (citing *Hedgepath v. Am. Tel. & Tel. Co.*, 559 S.E.2d 327, 338 (S.C. Ct. App. 2001)). There was no legal bar to Plaintiff filing the present suit within the statute of limitations and he has not presented any evidence to show Defendants engaged in any conduct to induce him to delay filing

suit. Furthermore, even if Plaintiff believe he would be prejudiced in the criminal investigation by filing a civil suit related to the same events, he had more than a year after the conclusion of the criminal matter within which to file a § 1983 action.

Because the statute of limitations ran on Plaintiff's claims before he filed this lawsuit, the undersigned recommends this case be dismissed.

B.  Remaining Motions

In light of the recommendation that Plaintiff's case be dismissed, the undersigned recommends that Plaintiff's motion for summary judgment and/or stay pending discovery [Entry #43] and Defendants' motion for protective order [Entry #51] be denied as moot.

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' motion to dismiss [Entry #34] be granted and this case be dismissed with prejudice. It is further recommended that Plaintiff's motion for summary judgment and/or stay pending discovery [Entry #43] and Defendants' motion for protective order [Entry #51] be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 1, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).