IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Lee Belton, | ) |
|                  Plaintiff, | ) C/A No. 1:11-2301-MBS |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Willie Bamberg, Wanda Stewart, Robert Hooper, | ) |
|                  Defendants. | ) |

Plaintiff Tony Lee Belton is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Manning Correctional Center in Columbia, South Carolina. At the time of the underlying events, Plaintiff was detained at the Orangeburg-Calhoun Regional Detention Center in Orangeburg, South Carolina. Plaintiff alleges that on February 19, 2008, he was placed in a cell with an individual who became increasingly violent over the next several days. According to Plaintiff, he requested on numerous occasions to be moved to a different cell, to no avail. Plaintiff alleges that on February 23, 2008, he was attacked by the cell mate. Plaintiff defended himself and fatally injured the cell mate. Plaintiff was cleared of charges related to the cell mate's death on February 4, 2010, when a grand jury no billed an indictment against him for involuntary manslaughter.

Plaintiff, proceeding pro se, brings this action against Defendants Willie Bamberg, Wanda Stewart, and Robert Hooper, alleging that they failed to protect him from the violent cell mate. Plaintiff alleges violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and state law claims under the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. § 15-78-10, et seq.

Plaintiff is granted the benefit of a filing date of August 23, 2011. See Houston v. Lack, 487 U.S. 266 (1988).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On December 6, 2011, Defendants filed a motion to dismiss, asserting that Plaintiff's claims are barred by the applicable limitations periods for § 1983 claims and claims under the SCTCA. On December 12, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences of failing to respond adequately. On January 13, 2012, Plaintiff filed a motion for summary judgment and response in opposition to the motion to dismiss. Defendants filed a reply and response in opposition to Plaintiff's motion for summary judgment on January 27, 2012. On February 7, 2012, Plaintiff filed an additional response in opposition to the motion to dismiss, to which Defendants filed a reply on February 8, 2012. Plaintiff filed a surreply to Defendants' motion to dismiss on February 14, 2012. Also pending is a motion for protective order from discovery requests filed by Defendants on January 27, 2012.

On June 1, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion to dismiss be granted on the grounds that (1) Plaintiff's state law claims are barred by the two year limitations period set forth in S.C. Code Ann. § 15-78-110, and (2) Plaintiff's § 1983 claims are barred by the applicable three year limitations period set forth in S.C. Code Ann. § 15-3-530(5). See Owens v. Okure, 488 U.S. 235, 250 (1989) (holding that courts considering § 1983 claims should borrow from the general or residual statute for personal injury actions). Plaintiff filed objections to the Report and Recommendation on June 20, 2012, to which Defendants filed a reply on June 25, 2012. Plaintiff filed a response to Defendants' reply on

July 2, 2012, as well as a motion to amend his objections and a motion for reconsideration of the Report and Recommendation on August 15, 2012. The court will consider Plaintiff's July 2, July 18, and August 15, 2012 submissions as supplementing his objections to the Report and Recommendation. Accordingly, Plaintiff's motions (ECF No. 63, 64) are **granted** for this limited purpose.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

Plaintiff asserts that the Magistrate Judge erred in recommending the complaint be dismissed as barred by the two and three year limitations periods relating to Plaintiff's SCTCA and § 1983 claims, respectively. Plaintiff states that during the investigation of the incident he was prohibited by S.C. R. Crim. P. 5(b)(2) from disclosing any information regarding the case.[1] Thus, Plaintiff makes two arguments: (1) that his cause of action did not accrue until the criminal action was

---

[1] Rule 5(b)(2) provides: "Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or his attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by prosecution or defense witnesses, or by prospective prosecution or defense witnesses, to the defendant, his agents or attorneys." Rule 5 deals with pre-trial discovery of documents in a criminal case. State v. Powers, 501 S.E.2d 116, 119 n.2 (S.C. 1998).

dismissed and, according to Plaintiff, he was free to pursue his § 1983 claim; and, alternatively, (2) that the limitations period should be equitably tolled for the period that the criminal investigation was ongoing. The court disagrees.

A.      Accrual of Cause of Action

Plaintiff argues that he was prohibited from bringing a cause of action because of the confidential nature of the criminal investigation.

The applicable statute of limitations begins to run once a claim accrues, and federal law controls that determination. A Society Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir.1975)). A civil rights claim accrues when the plaintiff "'knows or has reason to know of the injury which is the basis of the action.'" Id. (quoting Cox, 529 F.2d at 50). In this case, Plaintiff knew he had reason to bring a cause of action against Defendants at the time of the incident when they allegedly failed to protect him from a violent cell mate. Applying this principle, Plaintiff was required to bring a cause of action under § 1983 no later than February 23, 2011, three years after the alleged failure to protect took place. Plaintiff did not file his complaint until August 23, 2011.

The result is not different under state law. Relying on Brown v. Finger, 124 S.E.2d 781 (S.C. 1962), Plaintiff contends that he had no "legal right" to sue until the criminal proceedings were terminated. In Brown, the South Carolina Supreme Court noted:

> The fundamental test, however, in determining whether a cause of action has accrued, is whether the party asserting the claim can maintain an action to enforce it. A cause of action accrues at the moment when the plaintiff has a legal right to sue on it.

The Brown court cited Bugg v. Summer, 26 S.C.L. (1 McMul.) 333 (1841) in support of its holding. In Bugg, the supreme court held:

4

> Whenever there is a plaintiff who can sue, and a defendant who can be sued, the statute of limitations begins to run. A right of action has accrued to the plaintiff. The general rule is, that if the statute begins to run, it is not suspended by any subsequent event.

Stated differently, Plaintiff had a legal right to sue at the time the alleged failure to protect took place. The court can find no support for the proposition that the limitations period was suspended because a criminal investigation occurred as a result of the altercation. Plaintiff's objection is without merit.

B.   Equitable Tolling

Plaintiff next contends that the court should apply equitable tolling to extend the time for Plaintiff to file his complaint. When a federal question action is based on § 1983, which lacks a specific limitations period, the court "borrows" its limitations period from state law, and looks to state law for the applicable equitable tolling rule. Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999). In South Carolina, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay filing suit. Hedgepath v. Am. Tel. & Tel. Co., 559 S.E.2d 327, 338 (S.C. Ct. App. 2001).

The court is not inclined to apply equitable tolling under the circumstances of this case. The court is unable to find support for the proposition that Rule 5 operates as a "gag order," as Plaintiff contends, or that Defendants prevented Plaintiff from filing the within complaint. Plaintiff's objection is without merit.

CONCLUSION

The court concurs in the recommendation of the Magistrate Judge. The Report and Recommendation is incorporated herein by reference. Defendants' motion to dismiss (ECF No. 34)

5

is **granted**. Plaintiff's motion for summary judgment (ECF No. 43) is **denied.** Defendants' motion for protective order (ECF No. 51) is **denied as moot**.

    **IT IS SO ORDERED**.

                                     /s/ Margaret B. Seymour
                                     Chief United States District Judge

Columbia, South Carolina

September 12, 2012.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**